United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-31265

WADE L. CHILDS,

Plaintiff-Appellant

VERSUS

HERMAN M. BEAUBOUEF, ET AL

Defendants

UNITED SERVICES AUTOMOBILE ASSOCIATION COUNTY MUTUAL
INSURANCE CO., ET AL.,

Defendants-Appellees

Appeal from the United States District Court
For the Eastern District of Louisiana
C.A. No. 2:03-CV-2575

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM*

    Childs appeals the district court's judgment in favor of the

defendant underinsured motorist (UM) carriers, USAA County Mutual

---

    *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(USAA) and GEICO.

Based on the following uncontested facts it is clear to us that plaintiff failed to show that he was an underinsured motorist entitled to recover under either UM policy: (1) before trial against appellees, plaintiff settled with the tortfeasor's insurer for $100,000, (2) also before trial, appellee, USAA, tendered and paid an additional $10,000 to Childs, and (3) the jury found that plaintiff's total damages were $56,000. Thus, because plaintiff's recovery from the tortfeasor and his insurer exceeded his total damages, plaintiff was not an underinsured motorist, as defined by appellees' policies.[1]

---

[1]The insurers' policies are identical and state in pertinent part:

D.I. "Uninsured motor vehicle" means a land motor vehicle or trailer or any type,
*** 
4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limits of liability either:
   a. is not enough to pay the full amount the covered person is legally entitled to recover as damages; or
   b. has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered person is legally entitled to recover as damages.
***
Limit of Liability
A. II. Subject to this maximum, our limit of liability will be the lesser of:
   a. The difference between the amount of a covered person's damages for bodily injury or property damages and the amount paid or payable to that covered person for such damages, by or on behalf of persons or organizations who may be legally responsible; and
   b. The applicable limit of liability for this coverage.

We also reject Childs's argument that USAA, by tendering $10,000 to him before trial, admitted that his damages exceeded the sum he received in settlement and therefore he was an underinsured motorist. If USAA made any admission by the tender, the most it admitted was that Childs's damages exceeded the settlement by $10,000, which sum has been paid to the plaintiff.

Childs also argues that the jury verdict granting $56,000 for damages was inadequate. After reviewing the record, we find that the jury award of $56,000 is supported by the record. The physicians who testified sharply disagreed about the nature and extent of Childs's injuries and the extent to which the injuries were related to the accident. The jury's assessment of damages was well within its discretion.

Finally, Childs argues that the court erred in failing to instruct the jury on the Housley presumption. Housley v. Cerise, 579 So.2d 973 (La. 1991). Appellant furnished us with no citation to the record where he lodged an objection to the court's failure to give this instruction and in our review of the record, we have found no such objection. If it was error at all for the court to omit this instruction, which is doubtful, it certainly was not plain error.

For the reasons stated above, the judgment of the district court is AFFIRMED.